## HUTCHINS LUMBER & STORAGE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. .4534.

Circuit Court of Appeals, Seventh Circuit.
Dec. 4, 1931.

John E. Hughes, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Hayner N. Larson and J. Louis Monarch, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. E. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Petitioner complains of the ruling of the Board of Tax Appeals because it assessed a deficiency income and profits tax for the year 1918. The basis of the Board's action of which petitioner complains was the inclusion of an additional $17,541.22 in petitioner's inventory of stock on hand at the close of the year. Petitioner admits that its inventory duly entered on its books showed lumber on hand of the value of $118,284.80, but asserts that through a mistake on its part there was included rotten and valueless lumber figured at $17,541.22. The existence of this mistake petitioner sought to establish by the testimony of its president. The Board of Tax Appeals, however, found that "All the facts and circumstances in the case lead us to the conclusion that the petitioner did not include in its closing inventory for 1918 the amount of rotten lumber now sought to be eliminated from that inventory."

Whether this finding is supported by competent evidence, so as to make it unassailable, is the sole question presented by this appeal. Petitioner insists that the evidence conclusively showed the mistake, and, the mistake corrected, its income tax should be reduced $7,693.18.

We are unable to accept petitioner's contention. Petitioner's books, which showed an inventory taken at the close of 1918, cannot, and should not, be ignored. The regular books of account of a taxpayer afford some evidence of the inventory value therein recorded. It is true, such evidence is subject to explanation and correction, but the longer it stands unchallenged and uncorrected and the longer other records, as here, are based thereon, the more persuasive it becomes. As against the oral testimony of an interested party given some ten years after the inventory was made, and at a time when verification or disproof of such testimony is impossible because of the sale or destruction of the res, such documentary proof is rather persuasive.

Other facts which tend to disprove the alleged mistake in the inventory have been called to our attention. We will not here discuss such evidence, because such discussion is unnecessary. Enough has been pointed out to show that the finding of the Board cannot be disturbed.

The order of the Board of Tax Appeals is affirmed.